### SCHREINER v. KISSOCK et al.

#### (Supreme Court, Appellate Term. December 7, 1904.)

1. SALE BY SAMPLE—FRAUD OF BROKER—COMMISSIONS.
   Where a broker is employed to sell goods by sample, and he uses samples of a better grade than that agreed on, he does not earn his commissions under his contract.

2. SAME—EVIDENCE.
   Where plaintiff, employed to sell goods by sample, used samples of a better grade than that agreed on, and admitted the mistake in a letter to aid defendant in canceling an unprofitable sale, such admission is evidence against plaintiff in his action for commissions.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Edward Schreiner against John Kissock and another. Defendants had judgment, and plaintiff appealed. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

P. Van Alstine, for appellant.
Henry B. Twombly and Louis H. Hall, for respondents.

BISCHOFF, J. The judgment for the defendants proceeds upon the fact that the plaintiff, employed to effect sales of beans according to a sample, procured the contracts upon samples of a better grade than the sample which was to form the basis of the transactions, according to the agreement with his employers, the defendants. That such was the fact, the defendants' evidence discloses; and there is corroboration in the form of a letter to them by the plaintiff, in which he admits the error in the making up of the samples. The probabilities are certainly not obviously with the plaintiff in his contention that he made no error, and that he wrote this letter to aid the defendants in their endeavor to be released from an unprofitable sale; and, upon the evidence, the justice was well authorized to find that the commissions in suit were not earned, because the sales were not made in conformity with the terms upon which the broker was employed to effect them. The admitted item of $25 was covered by the payment of $50, applicable to all the items in suit, and there is no ground for our disturbing the result reached.

Judgment affirmed, with costs. All concur.